UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
DAVID CORCIA, individually and on behalf of
all others similarly situated
                               Plaintiff,

                v.                                    **CLASS ACTION COMPLAINT FOR**
                                                      **VIOLATIONS OF THE FAIR CREDIT**
                                                      **REPORTING ACT**
                                                      **JURY TRIAL DEMANDED**


EXPERIAN INFORMATION SOUTIONS, Inc.

                        Defendant.
-----------------------------------------------------X


        Plaintiff, alleges upon information and belief as follows:


        **INTRODUCTION AND BACKGROUND FACTUAL INFORMATION**


        1.      Plaintiff, David Corcia, brings this lawsuit against Experian Information

Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et

seq.* ("FCRA").

        2.      In or around August of 2016, Plaintiff mailed a dispute letter to Experian.

        3.      In that dispute letter Plaintiff disputed his Barclays account which was

listed on his Experian credit report.

        4.      Experian did not treat the dispute as irrelevant or frivolous.

        5.      Despite receiving the dispute letter, Experian did not mail to Plaintiff a

notice containing the information required by 1681i(a)(6)(A) and 1682i(a)(6)(B) ("notice of

results of the reinvestigation") in response to the August 2016 dispute letter.

6.      Instead, in response to the dispute letter, Experian sent an email to Plaintiff.

7.      Plaintiff did not consent to allowing the notice of results of the reinvestigation to be emailed to him.

8.      Plaintiff did not authorize Experian to email the notice of results of the reinvestigation to him.

9.      Plaintiff did not allow the notice of the results of the reinvestigation to be emailed to him by Experian.

10.     Plaintiff did not allow the notice of the results of the reinvestigation to be emailed to him.

11.     Upon information and belief, Plaintiff opened the email.

12.     Upon information and belief, the email did not transfer the notice of results of the reinvestigation from Experian.

13.     Upon information and belief, the email did not transmit the notice of results of the reinvestigation from Experian.

14.     Upon information and belief, Experian did not transfer the notice of results of the reinvestigation to Plaintiff.

15.     Upon information and belief, Experian did not transmit the notice of results of the reinvestigation to Plaintiff.

16.     Plaintiff never viewed the notice of the results of the reinvestigation.

17.     The notice of the results of the reinvestigation was never transmitted to Plaintiff.

18.     The notice of the results of the reinvestigation was never transferred to Plaintiff.

19.     Upon information and belief, if Experian has access to a consumer's email address it will attempt to email the notice of the results of the reinvestigation to the consumer.

20.     Upon information and belief, if Experian has access to a consumer's email address it will attempt to email the notice of the results of the reinvestigation to the consumer even though the consumer never allowed Experian to email the results of the reinvestigation to him/her.

21.     Upon information and belief, if Experian has access to a consumer's email address it will attempt to email the notice of the results of the reinvestigation to the consumer even though the consumer never agreed with Experian to allow it to email the results of the reinvestigation to him/her.

22.     Upon information and belief, if Experian has access to a consumer's email address it will attempt to email the notice of the results of the reinvestigation to the consumer even though the consumer never consented to allow Experian to email the results of the reinvestigation to him/her.

23.     Upon information and belief, Experian's policies and procedures dictate that if a consumer is sent a notice of the results of the reinvestigation by email, but the consumer does not open the email then the consumer is automatically sent a notice of the results of the reinvestigation by mail.

24.     Upon information and belief, Experian's policies and procedures dictate that if a consumer who has not allowed, authorized or consented to being emailed the notice of the results of the reinvestigation is sent an email in response to his/her dispute and opens the

email but is not transmitted or sent the notice of the results of the reinvestigation he/she will not be sent a notice of the results of the reinvestigation by mail.

25.     Plaintiff suffered emotional distress damages, including frustration, irritation and anxiety as a result of Experian not notifying him about his dispute results.

26.     Plaintiff suffered monetary damages because he paid $6.68 of postage to mail his dispute to Experian.

27.     Plaintiff also suffered a loss of time preparing to send and then sending the dispute letter to Experian.

28.     In *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007), the Supreme Court of the United States of America held that willfulness as defined by the damages provision of the FCRA (1681n) not only includes knowing violations of the FCRA, but also includes violations of the FCRA committed in reckless disregard of the company's statutory obligations.

## JURISDICTION AND VENUE

29.     This Court has jurisdiction under §15 USC 1681(p) (FCRA).

30.     Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

31.     Experian is a corporation with offices in California.

32.     Experian is a "consumer reporting agency" as defined by the FCRA.

33.     Plaintiff is a consumer as defined by the FCRA.

34.     Plaintiff resides in Rockland County in New York.

## VIOLATIONS ALLEGED

## COUNT I – FCRA CLAIM AGAINST EXPERIAN

35.     Plaintiff incorporates all of the above paragraphs as though fully stated herein.

36.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian is required to provide to Plaintiff the results of the reinvestigation of his dispute.

37.      Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**………**

(6) Notice of results of reinvestigation

(A) In general

A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

(B) Contents

As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)—

(i) a statement that the reinvestigation is completed;

(ii) a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;

(iii) a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;

(iv) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and

(v) a notice that the consumer has the right to request under subsection (d) that the consumer reporting agency furnish notifications under that subsection.

38.     Experian violated the above quoted portions of the statute because it did not mail the notice of the results of the reinvestigation within five business days after the completion of the reinvestigation.

39.     Experian violated the above quoted portions of the statute because it did not mail the notice of the results of the reinvestigation to Plaintiff within five business days after the completion of its reinvestigation containing the following information:

(i) a statement that the reinvestigation is completed;

(ii) a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;

(iii) a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of

information contacted in connection with such information and the telephone number of

such furnisher, if reasonably available;

(iv) a notice that the consumer has the right to add a statement to the consumer's file

disputing the accuracy or completeness of the information; and

(v) a notice that the consumer has the right to request under subsection (d) that the

consumer reporting agency furnish notifications under that subsection.

41.     Experian recklessly and/or willfully violated each of the above quoted

provisions of 1681i.

## CLASS ACTION ALLEGATIONS

42.      Plaintiffs bring this action pursuant to FRCP 23(a); and FRCP 23(b)(2)

and FRCP 23(b)(3) and on behalf of himself and a Class defined as follows:

a) all consumers in the United States of America, b) who disputed an account on their Experian

credit report, c) who were sent an email in response to that dispute, but d) who never authorized

Experian to send an email containing the information that 1681i(a)(6)(A) and/or 1681i(a)(6)(B)

requires, and e) opened that email, but f) did not access the information that 1681i(a)(6)(A) and

1681i(a)(6)(B) required g) on or after a date 2 years prior to the filing of this action.

43.     Numerosity: The Class is so numerous that joinder of all class members is

impracticable. Plaintiff is unable to allege at this time the exact number of class members;

however, Plaintiff believes that there are at a minimum thousands of Class Members. Plaintiff

believes that Defendant's records maintained in the ordinary course of business will readily

reveal the exact number of class members.

44.     Commonality: This action presents material questions of law and fact

common to the Class. Such questions include but are not limited to-

Did Experian provide dispute results as required by the statute when it sent an email without transmitting the actual dispute results and the information required to be contained within that notice?

Did Experian violate the statute willfully?

Did plaintiff and the class authorize Experian to provide to them by email dispute results and the other information which the statute requires?

45.    Typicality: Plaintiffs' claims are typical of the claims of other members of the Class, as Plaintiffs and other members of the Class suffered the same type of harm arising out of Defendant's failure to comply with the FCRA's requirement related to providing consumers with dispute results and other information.

46.    Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff is a member of the Class, Plaintiff has no interest antagonistic to any other members of the Class, and Defendant has no defenses unique to Plaintiff.

47.    Predominance: The questions of law or fact common to the Class Members predominate over any questions affecting only individual members. Defendant's course of conduct can be discovered without any need for participation by individual Class Members. Similarly, this Court's determination of law can be made without any need for participation by individual Class Members. The Class's claims present no issues of causation or reliance unique to individual class members.

48.    Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class Member a fair and efficient

manner by which to prosecute his or her common claims and, likewise, a fair and efficient

manner by which Defendant may defend such claims.

49.     Individual prosecution of this matter in separate actions is not desirable as

each Class Member's damages likely is in the hundreds of dollars and they will need to incur

nearly the same investment to prosecute their individual case as plaintiff in this case will incur to

prosecute this case. The interests of individual Class Members are overwhelmingly best served

by the conduct of a class action.

50.     Individual litigation of this matter would unduly increase expenses to all

parties and prolong efficient adjudication given the expected size of the class.

51.     Upon information and belief, there is no other litigation concerning this

controversy that has already been commenced by or against members of the class.

52.      Class membership is readily identifiable from Defendant's records that

they maintain such as name, social security number, last known address and other identifying

data.


WHEREFORE, plaintiff requests that the Court enter judgment in his favor and in favor of the

class and against Experian for:

    (1) Appropriate statutory damages and punitive damages;

    (2) Litigation expenses, attorney's fees and costs of suit;

    (3) Such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

DATED this 1st day of September 2017.

                                                                Respectfully submitted,

By: /s/ Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com